## SUPREME COURT.

THE PEOPLE *ex rel.* THOMAS and others agt. THE COMMIS-SIONERS OF HIGHWAYS OF MILTON.

Where an appeal to the court of appeals has been brought by the defendants from a judgment awarding a peremptory mandamus, the perfecting of the appeal, by complying with § 334 of the Code, *stays all further proceedings in the court below.*

A peremptory mandamus accordingly set aside for *irregularity*, where it had been issued after the perfecting of an appeal to the court of appeals.

*Albany Special Term, June,* 1863.

MOTION to set aside a writ of peremptory mandamus for irregularity.

GEORGE G. SCOTT, *for the motion.*

CHARLES S. LESTER and LYMAN TREMAIN, *opposed.*

PECKHAM, Justice. It appears by the papers that an appeal has been taken to the court of appeals from a judgment of this court, rendered in proceedings in this case upon mandamus—a *peremptory mandamus* having been awarded—and after the appeal was perfected it was issued, and this motion is made by the defendants to set it aside. It is insisted, in opposition to the motion, that no stay on such an appeal is provided for by the Code, and that if a stay can be had at all, it must be only on the order of this court.

By section 342 of the Code it is provided that " in the cases not provided for in sections 335, &c., the perfecting of an appeal, by giving the undertaking mentioned in section 334, shall stay proceedings upon the judgment appealed from, except that where it directs the sale of perishable property the court below may order the property to be sold."

The defendants in this case have given the security required by section 334.

It is insisted that this is not intended to include proceedings upon mandamus, as such proceedings are not regulated by the Code.

By section 3, chapter 174, Laws of 1859, it is declared that " the provisions of the Code of Procedure, in relation to appeals to the court of appeals, shall apply to all judgments and proceedings upon mandamus hereafter rendered."

Here, a judgment has been rendered upon pleadings interposed, and I cannot see why the case is not thus brought within the letter as well as the spirit of the provision as to appeals and staying proceedings upon " the judgment."

The mandamus, having been issued after the perfecting of the appeal, must be set aside as irregular, but without costs, as the question is new, and has once, I believe, been inadvertently decided otherwise.